# CIRCUIT COURT OF THE CITY OF LYNCHBURG

Hilda Schwartz

     v.

Central Fidelity Banks, Inc., et al.

May 8, 1986

By JUDGE J. SAMUEL JOHNSTON, JR.

I have reviewed the file, the testimony, the memoranda of law, completed my research, and issue this letter as my opinion in the above-styled case. I will attempt to address the points in the order presented by plaintiff.

(1) *Applicability of Section 38.1-482 and Section 38.1-424.*[1]

These statutes do not present a bar to the defendants in this case seeking a return of monies allegedly mistakenly paid to plaintiff. While no legislative history was available, it seems clear to me that the tenor and purpose of these statutes was to protect dependents from creditors seeking to attach or claim insurance proceeds to satisfy a decedent's debts. The facts of this case allow no other conclusion.

(2) *Waiver by Life Insurance Company of Virginia.*

Plaintiff urges that, by paying the death benefits to plaintiff without protest and in the absence of fraud, Life Insurance Company of Virginia waives any right to contest its policy or payment thereunder. While the premise of law cited by plaintiff is correct, to rule as she asserts

---

[1] Present Sections 38.2-3339 and 38.2-3324. [Reporter's Note]

would emasculate a court's authority to act in equity and correct mistakes that violate the rights and intends of parties.

(3) *Mistake, the nature of the mistake and its meaning.*

The mistake is one of fact rather than one of law. There can be no serious assertion that this case involves a mistake of law. Obviously, every necessary fact was not known by Central Fidelity Banks, Inc. (Fidelity) when Mr. Schwartz was added to the Life of Virginia policy. Fidelity mistakenly included Mr. Schwartz on the Life of Virginia coverage believing that he would lose his employment/contractual benefits of coverage under the Aetna coverage. Fidelity did not erroneously interpret or ascertain the legal meaning of two insurance coverages and only discovered the same after Aetna made inquiry into the status of Mr. Schwartz's health.

If unjust enrichment, especially that created by mistake, is to be prevented in a court of equity, then equity dictates that the proceeds of the Aetna fund be declared to be the property of Fidelity and not the property of the plaintiff. There was never any contractual or employment rights of Mr. Schwartz to receive duplicate insurance coverage. There was no indication that Fidelity knew of this coverage until Aetna's inquiry. Neither of the insurance carriers knew of the duplicate coverage, and neither Mr. Schwartz or Mrs. Schwartz ever knew of the duplicate coverage until so apprised by Fidelity. Plaintiff has suffered no loss, has not altered her position in reliance upon the duplicate coverage, and was put on notice from the beginning by Fidelity of the mistaken coverage by Aetna. Fidelity has incurred substantial detriment, and to rule in favor of Mrs. Schwartz would unjustly create a windfall at the expense of Fidelity. The principle of *Criterion Ins. Co. v. Fulgham*, 219 Va. 294 (1978), mandates that the subject insurance proceeds be returned to Fidelity. To rule otherwise would make a mockery of the rules of equity concerning unjust enrichment and mistake of fact.